01
02
03
04
05
06
07
08
09
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11 JAMES DEAN WILKS,                       ) Case No. C05-2057-RSM-JPD
                                           )
12         Plaintiff,                      )
                                           )
13     v.                                  ) ORDER DENYING PLAINTIFF'S
                                           ) MOTION TO COMPEL
14 OFFICER S. PORTER, et al.,              )
                                           )
15         Defendants.                     )
                                           )
16 _____ )

17
   Plaintiff is an inmate at the King County Correctional Facility in Seattle, Washington
18
who is proceeding pro se and in forma pauperis this 42 U.S.C. § 1983 civil rights action.
19
This matter comes before the Court upon plaintiff's motion to compel defendants to respond
20
to his interrogatories and requests for production. Dkt. No. 20. Defendants oppose the
21
motion on the basis of qualified immunity. Dkt. No. 21. They argue that they need not
22
respond to discovery requests that relate to issues other than qualified immunity until the
23
Court has determined whether they are entitled to that defense. *Id.* Having carefully
24
reviewed the parties' papers, supporting documents, and the record, the Court ORDERS as
25
26

ORDER DENYING
PLAINTIFF'S MOTION TO COMPEL
PAGE -1

follows:

(1)     Plaintiff's motion to compel (Dkt. No. 20) is DENIED. Public officials who perform discretionary functions enjoy qualified immunity in a civil action for damages, provided that his or her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is an affirmative defense that should be raised early in a case in order to prevent government defendants from shouldering the burden of unnecessary litigation and costly pretrial procedure. *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (internal citations omitted). Because qualified immunity is an affirmative defense from suit, discovery is not appropriate until the Court has ruled on the issue. *Doe v. Petaluma City School Dist.,* 54 F.3d 1447, 1449-50 (9th Cir. 1995) (citing *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)).

Defendants have indicated that they intend to raise the qualified immunity defense. Dkt. Nos. 16, 21. Defendants are entitled to raise this defense and need not participate in discovery unrelated to qualified immunity until the Court rules on the issue. Defendants, however, may not delay discovery indefinitely. Defendants are therefore directed to submit a motion to dismiss based on qualified immunity by August 11, 2006. If they do not file a motion by this date, then they will be required to respond to the discovery propounded by plaintiff. Plaintiff may file his opposition to any motion to dismiss on qualified immunity in accordance with Local Rule CR 7(d).

(2)     The Clerk is directed to send a copy of this Order to the parties and to the Honorable Ricardo S. Martinez.

ORDER DENYING
PLAINTIFF'S MOTION TO COMPEL
PAGE -2

01     DATED this 21st day of July, 2006.

                                    _____
                                    JAMES P. DONOHUE
                                    United States Magistrate Judge

ORDER DENYING
PLAINTIFF'S MOTION TO COMPEL
PAGE -3