UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES DEAN WILKS, ) | |
|         Plaintiff, ) | Case No. C05-2057-RSM-JPD |
|    v. ) | |
| OFFICER S. PORTER, et al., ) | REPORT AND RECOMMENDATION |
|         Defendants. ) | |

I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is an inmate at the King County Correctional Facility (KCCF) in Seattle, Washington who is proceeding *pro se* and *in forma pauperis* this 42 U.S.C. § 1983 civil rights action. Plaintiff's amended complaint (Dkt. No. 6) asserts that several KCCF prison officials violated plaintiff's First and Fourteenth Amendment rights by, for example, failing to provide him with a shaving razor, extra socks, extra underwear, extra toothpaste, and an extra toothbrush; failing to provide him with an extra fifteen minutes of his "hour out" of his cell; and failing to properly consider numerous grievances he filed.[1]  This matter comes before the

---

[1] Plaintiff also appears to assert a claim for relief against King County involving King County Department of Adult and Juvenile Detention's grievance-filing program. *See* Dkt. No. 6 at 10-13. Defendant's motion for summary adjudication argues that because plaintiff failed to demonstrate that the alleged conduct amounts to a "policy or custom" of King County, or that he personally suffered a constitutional deprivation as a result of this alleged practice, plaintiff's claim fails as a matter of law.

REPORT AND RECOMMENDATION
PAGE - 1

Court on defendants' Motion for Summary Judgment (Dkt. No. 24) and plaintiff's "Motion to Dismiss and Request for Waiver of the Filing Fee." Dkt. No. 26. Defendants' motion argues that plaintiff's claim for relief should be dismissed on the bases of qualified immunity, failure to exhaust administrative remedies, and failure to establish a "policy or custom" sufficient to invoke municipal liability under 42 U.S.C. § 1983. Plaintiff, rather than opposing defendants' motion, requested instead that this Court dismiss the above-entitled action. Dkt. No. 26 at 2-4.[2] After careful consideration of the motions, supporting materials, governing law and the balance of the record, the Court recommends that plaintiff's Motion to Dismiss and Request for Waiver of the Filing Fee be DENIED and that defendants' Motion for Summary Judgment be GRANTED.

### A.  Fed. R. Civ. P. 41(a)

Federal Rule of Civil Procedure 41(a)(1) permits a voluntary dismissal without prejudice only if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has never previously dismissed an action "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the plaintiff absolute right under Rule 41(a)(1) disappears, and the action may be dismissed only by stipulation or by order "upon such terms and conditions as court deems proper." Fed. R. Civ. P. 41(a)(2). The Court deems that a dismissal without prejudice is inappropriate in the present case.

### B.  Fed. R. Civ. P. 56

"Claims lacking merit may be dealt with through summary judgment" under Rule 56 of the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Summary judgment "shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2] The Court construes plaintiff's request as a motion for voluntary dismissal under Fed. R. Civ. P. 41(a).

REPORT AND RECOMMENDATION
PAGE - 2

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The defendants filed a detailed motion outlining the arguments of qualified immunity, failure to exhaust administrative remedies, and failure to plead a "policy or custom" sufficient to invoke municipal liability under 42 U.S.C. § 1983, supported by the declaration of Ms. Yamada (Dkt. No. 25). By doing so, defendants have met their Rule 56(c) burden of showing this Court that the nonmovant lacks essential evidence to support his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). By failing to respond to the arguments made in defendants' motion, plaintiff has failed to meet his burden of moving beyond the pleadings to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). As a result, defendant's motion for summary judgment should be granted and plaintiff's complaint dismissed with prejudice.

## II. CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's Motion to Dismiss and Request for Waiver of the Filing Fee (Dkt. No. 26) be DENIED, and defendants' Motion for Summary Judgment (Dkt. No. 24) be GRANTED. This Court further recommends that plaintiff's amended complaint (Dkt. No. 6) be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 30th day of October, 2006.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3